PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Petition states as follows:
1. I am and at all times hereinafter mentioned, was a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. I am 32 years of age and was admitted to The Florida Bar on December 4, 1978.
3. There are two (2) pending disciplinary proceedings pertaining to me. In case 66,597 (TFB File No. 15C85F08) the Honorable Stephen R. Booher, referee, filed his report with the Court on February 4, 1986, recommending that I be found guilty of violating Fla. Bar Integr. Rule, article XI, Rules 11.02(3)(a) pertaining to the commission by an attorney of an act contrary to honesty, justice, and good morals, 11.02(3)(b) pertaining to the commission by an attorney of a crime and Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility pertaining to the commission by an attorney of conduct constituting dishonesty, fraud, deceit or misrepresentation. It was alleged in that proceeding that I had been convicted of a misdemeanor of driving while under the influence resulting in the suspension of my driver’s license. The Bar claimed that in connection with a subsequent arrest for driving at an *1274 excessive rate of speed, I misrepresented to the arresting officers that I had a valid driver’s license when, in fact, I did not and that I also made misrepresentations to the judge who heard the traffic offense. I alleged that it was my belief that I had a valid driving work permit license, on the basis of a prior court hearing, the judge’s order and statements made to me at the time of sentencing, and completion of AID school. The referee found that I made no misrepresentation to the judge but that I had, in fact, been convicted of the crime of driving under the influence and that I did misrepresent that I had a valid driver’s license to the arresting officers in my speeding arrest. He has recommended that I receive a board appearance public reprimand and that I pay the Bar’s costs in the sum of $1,631.28. The referee’s report is scheduled for presentation to the Board of Governors at its March, 1986 meeting. In case 68,072 (TFB File No. 15E85F47) filed with this Court on December 20, 1985, and assigned to the Honorable Stephen R. Booher it is charged that I, as president of the general partnership corporation of a time share project limited partnership acquired approximately $2,400,000.00 in financing from a bank and from a mortgage broker collateralized, in part, by what were supposed to be first mortgage liens covering time share intervals sold by the project. It is asserted that of the total advances of approximately $2,400,-000.00, the bank and the mortgage broker received first mortgage lien positions only to the extent of approximately $343,000.00; the balance of the assignments of mortgages that the project executed and delivered being subject to a prior and superior lien of a $3,000,000.00 mortgage. The Bar claims that I, as an attorney member of Attorney’s Title Insurance Fund, issued title commitments, policies, and endorsements indicating that the approximate $2,400,000.00 or assigned mortgages were first liens against the subject time share intervals, when, in fact, they were subject and subordinate to the prior $3,000,000.00 first mortgage lien, as aforesaid, which mortgage was to be released as per its terms.
4. I deny that I had any intent to defraud, nor did I defraud either the title company, the bank or the mortgage broker. It is my position that I became deeply involved in a time share project that turned into a financial disaster and that the losses incurred by the title company were created by runaway events, not the least of which was the broken commitment from the holder of the $3,000,000.00 first mortgage lien to release from the lien of such mortgage the various time share intervals covered by the assignments of mortgages I executed and delivered to the bank and the mortgage broker, pursuant to the prior knowledge and consent of the holder of the $3,000,000.00 first mortgage.
5. Except as stated herein, I have no criminal record; I have no prior Bar record.
6. I have had an opportunity to reflect upon the execution and tender of this petition for permanent resignation, have had the advice of counsel of my own choosing throughout and submit this petition freely and voluntarily.
7. I agree to pay the costs incurred by the Bar in case 66,597 in the sum of $1,631.28 and the costs incurred by the Bar in case 68,072 in the sum of $500.00, pursuant to terms which enable me to reasonably meet these expenses.
8. The granting of this application will not adversely affect the purity of the courts, nor hinder the administration of justice nor the confidence of the public in the legal profession.
The Florida Bar having now filed its response supporting the Petition for Leave to Resign and the Court having reviewed the same and determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign permanently is hereby approved. This resignation shall be effective May 5, 1986, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall not *1275 accept any new business and he shall furnish Staff Counsel of The Florida Bar an inventory of any pending files and a status report on each such file.
Judgment for costs in the amount of $2,131.28 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.